# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Nulo, Inc., <br><br> Petitioner, <br><br> v. <br><br> Penefit International Trading Co., Ltd., <br><br> Respondent. | Civil Action No. 32-cv-000287 |

## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner Nulo, Inc. ("**Nulo**"), by and through its undersigned counsel, respectfully submits this Petition to Confirm Arbitration Award (the "**Petition**").

## NATURE OF THE ACTION

1. Nulo seeks recognition of a arbitral award granting monetary relief against Respondent Penefit International Trading Co, Ltd. ("**Penefit**" or "**Respondent**") in favor of Nulo. The arbitration arises from Penefit's breaches of a distribution agreement with Nulo.

2. In June 2020, Penefit and Nulo entered into a distribution agreement (the "**Agreement**").[1] Under the Agreement, Penefit would promote and resell Nulo-branded pet food in China. The Agreement provided that any disputes between the

---

[1] A true and correct copy of the Agreement is attached as Exhibit 1 to the Affidavit of Emiliano Delgado ("Delgado Affidavit.")

parties would be resolved in binding arbitration before the American Arbitration Association.

3. Protection of Nulo's intellectually property was an essential part of the Agreement. There a number of contract provisions regarding Nulo's intellectual property, including Sections 9, 10, 11, and 12.

4. In April 2021, Nulo discovered that a Penefit affiliate registered a Chinese mark for Nulo, thereby breaching Sections 9, 10, 11, and 12 of the Agreement.

5. Nulo brought arbitral proceedings against Penefit on November 22, 2021. Nulo filed a demand for arbitration before the American Arbitration Association's International Centre for Dispute Resolution in ICDR Case No. 01-21-0017-5118 (the "**Arbitration**").

6. Nulo's demand for arbitration alleged breach of contract and sought, *inter alia*, declaratory relief and attorney's fees and costs.

7. On December 28, 2021, Penefit filed its answer and asserted counterclaims for breach of contract, business disparagement, tortious interference with business relations, and conversion (relating to a deposit Penefit wanted returned).

8. On January 28, 2022, Nulo filed its statement of defenses to Penefit's counterclaims. Pursuant to the parties' agreement, Jay Vogelson was appointed as arbitrator (the "**Arbitrator**") on March 6, 2022.

9. Evidentiary hearings were held on September 19-20, 2022, and November 3, 2022. On November 16, 2022, the parties submitted the attorneys' fees and costs they each respectively incurred in connection with the Arbitration, with both parties stipulating that the other party's fees and costs were reasonable and necessary. Following submission of attorney's fees and costs, the Arbitrator declared the case closed.

10. On December 1, 2022, the Arbitrator entered his award (the **"Final Award"**), finding that Penefit had materially breached the Agreement and dismissing Penefit's breach-of-contract claim. The Arbitrator did, however, find in favor of Penefit on its conversion claim.[2] The Arbitrator awarded Nulo attorneys' fees in the amount of $696,385.50, costs in the amount of $95,298.08, and $19.512.50 in arbitral fees. The Arbitrator further ordered that the so-called "NORO" trademark and "any other Nulo trademark held by Penefit and/or Paifei should be transferred to Nulo, the rightful owner of such marks." On Penefit's conversion claim, the Arbitrator awarded Penefit $116,321.00 and allowed Penefit to recover fees and cost associated with prosecuting the conversion claim. On December 24, 2022, the Arbitrator awarded Penefit $240,154.14 in fees and costs in connection with the conversion claim.[3]

11. The net result of the Award is that Penefit owes Nulo **$454,720.96**:

---

[2] A duly certified and authenticated copy of the Award is attached to the Delgado Affidavit as Exhibit 2.

[3] A true and correct copy of the award granting Penefit's request for attorney's fees and costs is attached to the Delgado Affidavit as Exhibit 3.

| Award to Nulo | | Award to Penefit | |
|---|---|---|---|
| Attorneys' Fees | $696,385.50 | Conversion Claim | $116,321.00 |
| Costs | $95,298.08 | Attorneys' Fees & Costs | $240,154.14 |
| AAA Costs | $19,512.50 | | N/A |
| Total Nulo Award | **$811,196.08** | Total Penefit Award | **$356,475.14** |

| | |
|---|---|
| Total Nulo Award | $811,196.08 |
| Total Penefit Award | $356,475.14 |
| **Net Award to Nulo** | **$454,720.94** |

12.     Pursuant to the terms of the Award and the applicable arbitration rules, Penefit was to satisfy the judgment in full within thirty days of entry of the award, i.e., by December 31, 2022. Penefit has not paid any portion of the Award as of the date of filing of this Petition.

13.     This Court should recognize the Award pursuant to the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (1958), as codified by the Federal Arbitration Act ("**FAA**"), 9 U.S.C. §§ 201-208 (the "**New York Convention**"). This Court should enter a money judgment in Nulo's favor against Penefit, and grant such other relief as it deems just and proper.

## PARTIES

14.     Petitioner Nulo is a corporation incorporated under the laws of Texas. Its principal place of business is 2520 Walsh Tarlton Lane, Austin, TX, 78746.

15. Respondent Penefit is a company organized under the laws of the People's Republic of China. Penefit's principal place of business is Flat/RM 02, 7/F, Spa Centre No 53-55 Lockhart Road, Wan Chai, Hong Kong.

## JURISDICTION AND VENUE

**A.    Subject Matter Jurisdiction**

16. This Petition seeks confirmation of the Award, which was rendered in the Arbitration.

17. The Award is governed by the New York Convention because this is an action to enforce an arbitral award rendered in the United States, a New York Convention contracting state, pursuant to a written agreement to arbitrate any and all disputes arising from the Agreement.

18. The Court has subject matter jurisdiction over this action under the New York Convention pursuant to 9 U.S.C. § 202 as the arbitration agreement arises out of a contractual relationship between Nulo, a citizen of the United States, and Penefit, a foreign citizen, and the parties' relationship is commercial in nature. *Stemcor USA Inc. v. Cia Siderurgica do Para Cosipar*, 927 F.3d 906, 909 (5th Cir. 2019).

19. Further, jurisdiction exists pursuant to 9 U.S.C. § 203 as the instant proceedings relate to the Award, which arises from the arbitration agreement. *Id.*

**B.    Personal Jurisdiction**

20. The Court has personal jurisdiction over Penefit pursuant to Texas Civil Practice & Remedies Code § 17.001 *et seq.*, and the Due Process Clause of the Fifth Amendment to the U.S. Constitution because Penefit has the requisite

minimum contacts with the State of Texas. Specifically, Penefit (1) entered into the Agreement in the State of Texas, (2) affirmatively agreed to arbitrate all claims arising from the Agreement in the United States and under Texas law, and (3) voluntarily traveled to Texas on at least two occasions to participate in the arbitration proceedings that led to the Award. The parties conducted the arbitration on September 19-20, 2022, and November 3, 2022 at 901 Main Street, Dallas, Texas 75201.

21. Based on the foregoing, Penefit could reasonably expect to be haled before this Court for the limited purpose of confirming the Award such that exercising jurisdiction does not traditional notions of fair play and substantial justice. *See Hancock Fabrics, Inc. v. Rowdec, LLC,* No. 1:12CV131-SA-DAS, 2013 U.S. Dist. LEXIS 31663, at *13 (N.D. Miss. Mar. 7, 2013)*; cf. Armstrong v. Assocs. Int'l Holdings Corp.*, 242 F. App'x 955, 957 (5th Cir. 2007).

C. **Venue**

22. Venue in this District is proper pursuant to 9 U.S.C. § 204, because the Court has subject matter jurisdiction over this enforcement action; Penefit agreed to designate this District as the place of arbitration; and the Arbitration was conducted in this District.

**FACTUAL BACKGROUND**

A. **The Underlying Dispute**

23. On June 1, 2020, Nulo and Penefit entered into the Agreement. Delgado Aff., Ex. 1, at 3. The Agreement provided that Penefit would purchase Nulo's pet food products and promote and resell them in China. *Id.*, at § 1.

24. Protection of Nulo's intellectual property was an essential part of the Agreement. For example, Section 9 states:

> No licenses are granted or implied by this Agreement under any patents or trademarks owned or controlled by the Company or under which the Company has any rights except the right to sell the products as furnished by the Company and the right, during the life of this Agreement, to use the Company's trademarks as furnished by the Company for the sole purpose of promoting the Products in a positive and professional manner, subject to approval by the Company.

*Id.*, at § 9.

25. Section 10 further provides:

> The Distributor agrees to use its best efforts to preserve inviolate the exclusive rights of the Company in and to all of its names, marks, logos, symbols, slogans, trademarks, service marks and similar items now or hereafter owned by the Company. The Distributor further agrees not to undertake any actions that could interfere with or undermine the Company's ownership of said intellectual property. Consequently, the Distributor will take no steps to register that marks or other intellectual property owned by the Company within the Territory, and that, if necessary and at its discretion, the Company will register any and all of its marks and/or intellectual property in the Territory with the appropriate authorities.

*Id.*, at § 10.

26. Section 11 states, "[t]he Distributor agrees not to file any trademark that is similar to the Company's industrial or intellectual property." *Id.*, at § 11.

27. Section 12 further states:

> The Distributor is required to immediately bring any unlawful or wrongful use of the Company's marks and/or intellectual property to the attention of the Company and will take all steps as requested in writing by the Company

7

>to defend the Company's marks and/or intellectual property.

*Id.*, at § 12.

## B.   The Arbitration Provision

28.   Section 20 of the Agreement recites the parties' agreement to proceed through arbitration. It states:

>Any and all disputes between the parties hereto, whether or not they arise under this Agreement, shall, at the demand of either party, be settled and determined by arbitration, under the auspices of and in accordance with the then current rules of the American Arbitration Association and the laws of the State of Texas in the United States. Both parties will consent to the entry of judgment of the arbitrator.

*Id.*, at § 20.

## C.   The Arbitration Proceedings

29.   Nulo commenced the Arbitration against Penefit on November 22, 2022 before American Arbitration Association's International Centre for Dispute Resolution, ICDR Case No. 01-21-0017-5118.  The seat of the arbitration was Dallas, Texas.  Delgado Aff., at ¶¶ 5-6.

30.   Nulo alleged a claim for breach of contract: the Agreement, as governed by and interpreted pursuant to Texas law, made clear that Penefit would not take any action to register any "marks, names, logos, etc." in China and that if registration of Chinese marks were necessary, Penefit would inform Nulo so that Nulo could register the required marks in its own name.  Nulo sought, *inter alia*, declaratory relief and attorney's fees and costs.  *Id.* at ¶ 5.

8

31. On December 28, 2021, Penefit filed its answer and asserted counterclaims for breach of contract, business disparagement, tortious interference with business relations, and conversion (relating to a deposit Penefit wanted returned). *Id.* at ¶ 6.

32. On January 28, 2022, Nulo filed its statement of defenses to Penefit's counterclaims. *Id.* at ¶ 7.

33. Nulo and Penefit agreed to submit the dispute to a sole arbitrator, Mr. Jay Vogelson, Esq., a qualified arbitrator. Mr. Vogelson was confirmed as sole arbitrator on March 6, 2022. *Id.* at ¶ 6.

34. After roughly six months of pre-hearing proceedings and submissions, evidentiary hearings took place on September 19-20, 2022 and November 3, 2022. Delgado Aff., at ¶ 9. Allen Chen, the Chief Executive Officer of Penefit, appeared at the hearing in Dallas, Texas on behalf of Penefit. *Id.*

**D. The Award**

35. After reviewing the evidence presented, hearing the witness testimony, and considering the parties' arguments, the Arbitrator rendered his Award on December 1, 2022. *See generally* Delgado Aff., Ex. 2.

36. Based on a review of the parties' factual and legal submissions and witness testimony, the Arbitrator determined that "Penefit breached a fundamental undertaking" by registering the Chinese mark and, "[a]s a result, Nulo was authorized to terminate the Agreement without the cure period." *Id.* at 6.

37. The Tribunal awarded Nulo "attorney's fees from Penefit in the amount of $696,385.50 and costs in the amount of $95,298.08" and ordered Penefit to "reimburse to Nulo the sum of $19,512.50" for arbitral costs. *Id.* at 11.

38. The Tribunal awarded Penefit $116,321.00 on its conversion claim, inclusive of prejudgment interest, *id.,* and $240,154.12 in cost and fees, Delgado Aff., Ex. 3.

39. Penefit is thus responsible for a net payment to Nulo of $454,720.94, in addition to post-Award interest. Per the terms of the Award, payment was supposed to be made within thirty days after entry of the same, i.e., by December 31, 2022. *See* Delgado Aff., Ex. 2 at 7. None of this amount has been paid by Penefit to date. Delgado Aff., at ¶ 14.

## REQUEST FOR CONFIRMATION OF THE AWARD

40. The Award was rendered in the Arbitration in accordance with the parties' Agreement and is proper.

41. The Arbitration was conducted in English before the American Arbitration Association in accordance with Section 20 of the Agreement.

42. Penefit was represented by qualified counsel—Bragalone Olejko Saad PC—in the Arbitration.

43. The Arbitration was heard by a single arbitrator, Jay Vogelson, by agreement of the parties.

44. The Award arose out of a legal relationship that is commercial in nature and is not entirely between citizens of the United States, and thus falls within the purview of New York Convention. *See* 9 U.S.C. § 202.

45. The Award was issued by a Tribunal seated in the United States, a country that is a signatory to the New York Convention. *See* N.Y. Convention, art. I.

46. The Award is final and binding within the meaning of the New York Convention and the FAA. It is therefore binding on the parties and subject to recognition and enforcement in the United States pursuant to the New York Convention and the FAA.

47. The relevant arbitration provision in Section 20 of the Agreement specifically provides: "Any and all disputes between the parties hereto, whether or not they arise under this Agreement, shall, at the demand of either party, be settled and determined by arbitration, under the auspices of and in accordance with the then current rules of the American Arbitration Association and the laws of the State of Texas in the United States. Both parties will consent to the entry of judgment of the arbitrator."

48. The FAA and the New York Convention make recognition and enforcement mandatory except where any of certain narrow defenses are proved. *See* N.Y. Convention, arts. III, V; 9 U.S.C. § 207 ("The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention."); *see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 364 F.3d 274, 288 (5th Cir. 2004) ("[A] secondary jurisdiction court must enforce an arbitration award unless it finds one of the grounds for refusal or deferral of recognition or enforcement specified in the Convention. The court may not refuse to

enforce an arbitral award solely on the ground that the arbitrator may have made a mistake of law or fact. 'Absent extraordinary circumstances, a confirming court is not to reconsider an arbitrator's findings.' Defenses to enforcement under the New York Convention are construed narrowly, 'to encourage the recognition and enforcement of commercial arbitration agreements in international contracts . . . .'" (first quoting *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d Cir. 1998); second quoting *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 335 (5th Cir. 1976))); *OJSC Ukrnafta v. Carpatsky Petroleum Corp.*, No. CV H-09-891, 2017 WL 4351758, at *3 (S.D. Tex. Oct. 2, 2017) ("[T]he court *must* enforce the award unless one of the grounds enumerated in Article V is present."), *aff'd*, 957 F.3d 487 (5th Cir. 2020). Accordingly, courts in the United States should confirm awards under the FAA absent extraordinary circumstances not present here.

49. There are no grounds, extraordinary or otherwise, to correct or vacate the Award present here.

50. Under the New York Convention, the burden of proof in any attack upon an arbitral award is on the party resisting enforcement. *See Karaha*, 364 F.3d at 288.

51. This Petition is timely because it is filed within three years after the issuance of the Award. *See* 9 U.S.C. § 207.

52. In light of the above, Nulo is thus entitled to (1) immediate confirmation, recognition, and enforcement of the Award pursuant to 9 U.S.C. § 207

and Article III of the New York Convention, and (2) a money judgment, including the interest and costs as provided therein accruing through the date of this Court's judgment, along with any post-judgment interest until the judgment is satisfied.

## PRAYER FOR RELIEF

WHEREFORE, Nulo respectfully requests that the Court:

1. Issue an order recognizing and confirming the Award, as authorized by 9 U.S.C. § 207;

2. Enter a money judgment in the amount of $454,720.94 corresponding to the full amount of the costs and expenses awarded to Nulo in the Arbitration, less the amounts awarded to Penefit.

3. Award pre-judgment interest from the date of the Award of the Tribunal until the date the Court enters judgment confirming the Award and post-judgment interest at the maximum allowable rate until the judgment is satisfied;

4. Retain jurisdiction over this action, and, pursuant to Rule 69 of the Federal Rules of Civil Procedure, permit any discovery that may be proper to aid in the enforcement of the judgment;

5. Award attorney's fees and costs in relation to the instant confirmation proceeding; and

6. Grant any other relief that, in the interests of justice, it deems necessary and proper.

DATED:  February 9, 2023	Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Scott Cole*	
Scott L. Cole (Texas Bar No. 00790481)
  scottcole@quinnemanuel.com
Emiliano D. Delgado (Texas Bar No. 24126388)
  emilianodelgado@quinnemanuel.com
300 West 6th Street
Suite 2010
Austin, Texas 78701
Telephone:  (737) 667-6100
Fax:  (737) 667-6110

*Counsel for Petitioner Nulo, Inc.*

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, Emiliano Delgado, declares as follows:

I am an associate at Quinn Emanuel Urquhart & Sullivan, LLP, attorneys for Petitioner Nulo. I have read the foregoing Petition to Confirm Award, and the exhibits thereto, and am informed and do believe that the allegations contained therein are true and accurate to the best of my knowledge information and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 9th day of February 2023, in El Paso, Texas.


*Emiliano D. Delgado*
Emiliano D. Delgado