UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Nulo, Inc., § § | | |
|     *Plaintiff*, § § | | Civil Action No.: 3:23-cv-00287-N |
| v. § § | | |
| Penefit International Trading, Co., Ltd., § § | | |
|     *Defendant*. § | | |

**FINAL JUDGMENT**

The Court has reviewed and considered Plaintiff Nulo, Inc.'s ("Nulo") Motion for Default Judgment and Motion for Attorneys' Fees and Costs in this Proceeding, along with the supporting evidence contained therein and the pleadings, the Clerk's file, and the arbitration materials submitted in this matter.

Based upon the foregoing, the Court finds that:

(i) It has personal jurisdiction over Penefit International Trading, Co., Ltd. ("Penefit"), subject-matter jurisdiction over this lawsuit, and venue is proper in this Court;

(ii) Penefit has not appeared, answered, or otherwise responded to this lawsuit;

(iii) An entry of default (Dkt. 8) was properly entered by the Clerk on May 1, 2023 and Penefit has made no attempt to set the default aside or to otherwise obtain relief from it;

(iv)   Nulo and Penefit conducted an arbitration proceeding styled *Nulo, Inc. v. Penefit International Co., Ltd.*, ICDR Case No. 01-21-0017-5118, before the American Arbitration Association (Hon. Jay M. Vogelson, Esq., presiding);

(v)    On December 1, 2022 (Exhibit A) and December 24, 2022 (Exhibit B) the arbitrator issued his award (the "Award") in two parts, the net result of which is that Penefit was ordered to pay Nulo $454,720.96 and to return a Chinese trademark (诺洛) to Nulo;

(vi)   Penefit has not sought to vacate, modify, or correct the Award;

(vii)  There are no grounds, extraordinary or otherwise, to set aside the Award or to refrain from confirming it.

Therefore, the Court hereby **GRANTS** Plaintiff's Motion for Default Judgment in its entirety and **CONFIRMS** the Award in its entirety.

Nulo also requests pre-judgment interest from the date of the Award (December 24, 2022) to the date of this judgment at a rate of 8.25% annually. The Court finds that this rate is appropriate and that 203 days have passed since the date of the Award and that Nulo's requested interest rate is appropriate in this case.

The Court therefore **AWARDS** Nulo $21,480.90 in pre-judgment interest.

Nulo also requests post-judgment interest from the date of this order until the monetary component of the Award is satisfied. The Court finds that the applicable post-judgment interest rate is 5.36%. The Court therefore **ORDERS** that post-judgment interest shall accrue on the Award at the rate of 5.36% annually from the date of this order until the monetary judgment is satisfied.

Finally, the Court has considered Nulo's Motion for Attorneys' Fees and Costs in This Proceeding. Penefit has not responded to this motion and has not challenged it. In its motion, Nulo has submitted a declaration from its counsel along with redacted invoices. Nulo's argument and evidence demonstrates that it has attempted to segregate its request to encompass fees and recoverable costs associated with this litigation, as distinct from the underlying arbitration proceeding. The Court finds that the motion is meritorious and should be granted.

Having reviewed Nulo's motion and the supporting evidence, the Court hereby **GRANTS** Nulo's Motion for Attorneys' Fees and Costs in This Proceeding in its entirety. Accordingly, the Court **AWARDS** Nulo $96,821.70 in attorneys' fees and $1,095.60 in recoverable costs. Post-judgment interest shall run on these amounts at the rate of 5.36% annually until satisfied.

In accordance with Rule 69 of the Federal Rules of Civil Procedure, the Court **RETAINS JURISDICTION** over this action to the extent necessary for Nulo to obtain discovery in connection with, and otherwise aid in the enforcement of, this Judgment.

All relief not expressly granted herein, is **DENIED.**

This is a **FINAL JUDGMENT.**

SIGNED on July 21, 2023.

_____
DAVID C. GODBEY
CHIEF UNITED STATES DISTRICT JUDGE