IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NULO, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0287-N |
| | § | |
| PENEFIT INTERNATIONAL | § | |
| CO., LTD., | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Plaintiff Nulo, Inc.'s motion to amend final judgment [14]. Nulo requests that the Court alter and reissue its default judgment in the proceeding to correct an error misnaming the Defendant, Penefit International Co., Ltd. ("Penefit"), as "Penefit International Trading Co., Ltd."  Because the correct party was served as the defendant, although under an incorrect name, the Court grants the motion to amend.

A court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. FED. R. CIV. P. 60(a).  Rule 60(a) is used properly when the correction to be made "make[s] the judgment or record speak the truth rather than something other than what was originally pronounced." *In re McLaughlin*, 2022 WL 2134756, *6 (N.D. Tex 2022) (quoting *Jeff Smith Enterprises, LLC v. BMK Engineering, Inc*., 2019 WL 8012419 at *1 (E.D. Va. Jan. 24, 2019)).  The Texas Supreme Court has recognized that, in the context of an incorrect party name on a judgment or order, the judgment is not invalidated and may be corrected

ORDER – PAGE 1

in the case of mere misnomer. *See Enserch Corp. v. Parker,* 794 S.W.2d 2, 4 (Tex. 1990). A misnomer occurs when a party misnames itself or another party, but the correct parties are involved. *In re McLaughlin* at *6 (citing *Chilkewitz v. Hyson*, 22 S.W.3d 825, 828 (Tex. 1999)). A misnomer is distinct from a misidentification, which occurs when the wrong defendant was served. *Federated Nat'l Ins. Co. v. Laredo*, 2019 WL 5887399 at *8 (N.D. Tex. 2019). While a misidentification invalidates a judgment, in the case of mere misnomer, federal district courts have upheld default judgments against the misnamed party. *See, e.g., Laredo*, 2019 WL 5887399.

In this case, the naming error is mere misnomer and does not appear to have caused prejudice to the misnamed party. Penefit had actual, subjective knowledge that it was a party to this proceeding. Penefit knew of and participated in the underlying arbitration. Delgado Decl. ¶ 7, 10, Pl's Motion [14-1]. Penefit's representative, Allen Chen, was properly served with the complaint in the present proceeding to confirm the arbitral award. Summons Returned Executed as to Penefit International Trading Co Ltd., [6]. Therefore, while Penefit was improperly named in the proceeding, the misnomer did not affect Penefit's awareness of the proceeding or otherwise disadvantage Penefit.

Defendant Penefit International Co., Ltd., although misnamed in the pleadings, had notice, was properly served, and made an appearance after the Court entered a default judgment. The parties would not be changed by amending the order; the order will merely now "speak the truth" with regard to the names of both parties. Accordingly, the Court finds that the incorrect naming of Penefit is a mere oversight that may be corrected pursuant

to Rule 60(a). The Court grants Plaintiff Nulo, Inc.'s motion to amend the final judgment and enters an amended judgment against Defendant Penefit International Co., Ltd.

Signed November 20, 2023.

_____
David C. Godbey
Chief United States District Judge